JEREMIAH V. MESEROLE, RESPONDENT, *v.* GARRIT FURMAN, APPELLANT.

*Liability of a party, discontinuing an action, for the costs and expenses incurred—right of a person, rendering services under the employment of a referee, to maintain an action against the plaintiff discontinuing the action for the value of the services so rendered — statute of limitations — when it begins to run.*

In an action brought by the present defendant, to procure the partition or sale of certain lands, a judgment for the sale of the property was entered, which directed the referee appointed to execute the judgment to employ a surveyor to lay the land out in lots, as he should deem for the best interests of all the parties, and to pay from the proceeds of the sale for the services so rendered. After the present plaintiff had, pursuant to the employment of the referee, made the requisite survey and map, the action was, upon the application of the plaintiff in the partition suit, the present defendant, discontinued, upon the condition that the plaintiff therein should pay all costs and expenses.

In this action, brought by the surveyor against the present defendant, to recover the value of the services rendered by such surveyor:

*Held*, that the defendant was liable to him therefor.

That the plaintiff's recovery was not limited to the statutory fees, but should be fixed by the jury in accordance with the value of the services rendered.

That the statute of limitations did not commence to run against the plaintiff's claim until the entry of the order of discontinuance.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*Charles N. Black,* for the appellant.

*Jos. A. Burr, Jr.,* for the respondent.

DYKMAN, J.:

In the year 1876 an action was commenced in the Supreme Court, by the defendant in this action, to procure the partition or sale of certain real property owned by him in common with his sisters, which eventuated in a judgment for the sale of the property. The referee appointed to execute the judgment was therein directed to employ a surveyor and have the land laid out in lots and plots, as his judgment should dictate for the best interests of all the parties, and pay for the same out of the proceeds of the sale therein. Pursuant to this direction the plaintiff was employed to make the survey and lay out the lots, and he performed that service. After that service was completed the plaintiff in that action who is the defendant here, applied to the court for permission to discontinue that suit, and an order was thereupon made appointing a referee to determine the amount of the costs of the action and also what was a fair compensation to be paid by the plaintiff to his attorney therein, and directing further, that upon the payment of the defendant's costs as reported, and also the costs of the plaintiff's attorney, the judgment should be set aside and vacated.

Afterwards an order was made at Special Term permitting the plaintiff to discontinue the action on payment of all costs and expenses, and that order was affirmed, on appeal. (*Furman v. Furman,* 12 Hun, 441.)

This action is now brought against the plaintiff in that partition suit to recover the value of " the services of the plaintiff in this action " in making the survey and laying out the lots under the direction of the referee in that suit. The action proceeds on the ground of a devolution upon the defendant of the responsibility incurred by the referee, when he made the contract with the plaintiff for the performance of the service contemplated by the judgment in that action. The theory of the plaintiff being that in the procurement of the judgment in partition and the insertion therein of the provision for a survey of the land, the defendant undertook that the surveyor should be paid out of the proceeds of the sale under that judgment, and because he

prevented the consummation of that sale which was to provide the fund for the payment of the plaintiff, he became personally liable for the payment of his claim.

The position of the plaintiff is fortified by the order of discontinuance procured by the defendant and used by him, with a provision that he should pay all costs and expenses in the partition suit. By obtaining that order and accepting its beneficial operations and effect, the defendant undertook, in legal view, to abide by and perform its provisions and the obligations it imposed. One of these obligations was to pay the expenses in the action, and the fees of the surveyor was one of the legitimate items of expense requiring payment under the order of discontinuance.

The present plaintiff was properly employed by the referee and the legal effect of the order of discontinuance of the suit was to prevent the payment of his claim out of the proceeds of the sale under the judgment, and to impose a personal obligation for their payment upon the plaintiff in the partition suit, especially as the order was made on his application for his benefit and was accepted and acted upon by him.

The statute of limitations is not a bar to the action for the reason that no action accrued to the plaintiff against the defendant personally, until the entry of the order of discontinuance, which was less than six years before the commencement of this action.

The plaintiff should not be confined to statutory fees for the reason that he was employed to perform special services by the referee, with no reference to the statute, and the value of his services has been fixed by the jury at a much larger amount.

The judgment should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., for reversal.

Judgment affirmed, with costs.